JOURNAL ENTRY AND OPINION
Roosevelt Travis appeals from a decision of the Common Pleas Court sentencing him to two years in prison arising from his conviction for failure to comply with the order or signal of a police officer in violation of R.C. 2921.331. Mr. Travis complains on appeal that the sentence the court imposed did not comport with Ohio's new sentencing scheme. After careful review, we vacate the judgment of the trial court and remand this case for re-sentencing.
The record reveals that on June 8, 2000, Cleveland Police Officer Thomas Stacho's radar detected Mr. Travis driving forty-one miles per hour in a school zone. Officer Stacho pulled over Mr. Travis and decided to arrest him because he believed Mr. Travis gave him a fictitious name. Officer Stacho called for back up, and when he attempted to arrest Mr. Travis, a struggle ensued. Mr. Travis broke free from the officers and fled in his car. The officers pursued Mr. Travis who traveled on Superior Avenue into Cleveland Heights at forty to fifty miles per hour, drove left of center and ran several stop lights until he crashed into a guardrail and struck a CEI pole. The car caught on fire and Mr. Travis fled on foot. The police officers finally apprehended Mr. Travis and arrested him.
Detective Scott Zenkewicz of the Cleveland Police Department interviewed Mr. Travis who explained that he panicked. He believed there to be a warrant issued for his arrest because he failed to report to his probation officer and pay court-ordered restitution from his prior conviction for passing a bad check.
On July 17, 2000, a Grand Jury indicted Mr. Travis on failure to comply with the order or signal of a police officer in violation of R.C.2921.331, a third degree felony. The case proceeded to trial and the jury found Mr. Travis guilty. On the same day, the court sentenced him to a two-year term of imprisonment. Mr. Travis appeals from this decision and raises one assignment of error, which states:
 I. ROOSEVELT TRAVIS HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE SENTENCE IMPOSED IN THE CASE AT BAR, BECAUSE IT DID NOT COMPORT WITH OHIO'S NEW SENTENCING SCHEME.
Mr. Travis argues the court failed to make the requisite findings to impose a sentence exceeding the minimum term of imprisonment. The State concedes this argument. Thus, we turn to the issue of whether the court improperly sentenced Mr. Travis.
We begin by noting that R.C. 2929.14(B) states:
 * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The Ohio Supreme Court has construed this provision to mean that the record of the sentencing hearing must reflect that the court found either or both of the statutory reasons for exceeding the minimum sentence, but it does not require that the court give its reasons for making its findings. State v. Edmonson (1999), 86 Ohio St.3d 324.
In the instant case, the transcript of the sentencing hearing does not indicate that the trial court decided to depart from the statutorily mandated minimum sentences based upon either of the two findings that would have justified imposition of a more severe sentence. Therefore, the court improperly sentenced Mr. Travis, and his assignment of error is well taken.
Sentence vacated and remanded for re-sentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for re-sentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
 ________________________ JAMES J. SWEENEY, JUDGE: